Citation Nr: 1505526 
Decision Date: 02/05/15 Archive Date: 02/18/15

DOCKET NO. 12-24 284A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUE

Entitlement to Dependency and Indemnity Compensation (DIC) benefits under 38 U.S.C. § 1151 for cause of death as a result of medical treatment provided by the Department of Veterans Affairs.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESSES AT HEARING ON APPEAL

Appellant and R.G.



ATTORNEY FOR THE BOARD

R. Williams, Counsel


INTRODUCTION

The Veteran served on active duty from September 1942 to July 1945. He died in June 2008. The appellant is his surviving spouse. 

This matter is before the Board of Veterans' Appeals (Board) on appeal from a July 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Philadelphia, Pennsylvania. The claim was subsequently transferred to the Roanoke, Virginia RO.

Hearings on this matter were held before a Decision Review Officer in June 2012, and before the undersigned in June 2014. The hearing transcripts are of record. At the June 2014 hearing, the appellant submitted additional evidence accompanied by a waiver.

In August 2014, the Board remanded the issue on appeal for further development. The additional development has been completed and the matter has been properly returned to the Board for appellate consideration. See Stegall v. West, 11 Vet. App. 268 (1998). 

The Board notes that, in addition to the paper claims file, it has reviewed the paperless, electronic claims file associated with the appellant's claim. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDINGS OF FACT

1. The Veteran died in June 2008; a death certificate lists sepsis due to pneumonia due to encephalopathy due to atherosclerotic vascular disease as the cause of death.

2. The Veteran's death was not due to carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on VA's part in furnishing medical treatment; nor was it the result of an event not reasonably foreseeable.


CONCLUSION OF LAW

The criteria for an award of compensation under the provisions of 38 U.S.C.A. § 1151 for the cause of the Veteran's death have not been met. 38 U.S.C.A. § 1151 (West 2002); 38 C.F.R. § 3.361(2014). 


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duties to Notify and Assist

The Veterans Clams Assistance Act of 2000 (VCAA) and implementing regulations impose obligations on VA to provide claimants with notice and assistance. 38 U.S.C.A. §§ 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2014). The requirements of 38 U.S.C.A. §§ 5103 and 5103A have been met with regard to the claim being decided herein. 

VA notified the appellant in October 2009 of the information and evidence needed to substantiate and complete a claim for compensation under 38 U.S.C.A. § 1151, to include notice of what part of that evidence is to be provided by the claimant, what part VA will attempt to obtain, and how disability ratings and effective dates are determined. Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). In the October 2009 letter, the RO notified the appellant that she needed to submit evidence that shows that the VA hospitalization or treatment in question not only resulted in death, but that the proximate cause of such death was carelessness, negligence, lack of proper skill, error in judgment or a similar instance of fault on the VA's part in furnishing such treatment, or that the proximate cause of the death was an event that was not reasonably foreseeable. She was also asked to provide any other pertinent documents, or to authorize the RO to obtain them, and was notified what the evidence must show, in clearly identified enumerated elements, to substantiate her claim. Specifically, these included the medical records documenting the Veteran's medical care immediately prior to his death. 

In Hupp v. Nicholson, the Court held that proper notice in a case for benefits related to a veteran's death must include 1) a statement of the conditions, if any, for which a veteran was service connected at the time of death; 2) an explanation of the evidence and information required to substantiate a death benefits claim based on a previously service-connected condition; and 3) an explanation of the evidence and information required to substantiate a death benefits claim based on a condition not yet service connected. Hupp v. Nicholson, 21 Vet. App. 342, 348-49 (2007). 

During the Veteran's lifetime, service connection was established for hiatal hernia rated as noncompensable. The Board notes that the appellant was not notified of this prior to the initial rating decision. However, a December 2014 letter provided her with such notice, and the claim was subsequently readjudicated in a December 2014 Supplemental Statements of the Case. As such, any timing error with respect to this notice has been cured. Prickett v. Nicholson, 20 Vet. App. 370, 376 (2006) (the issuance of a fully compliant VCAA notification followed by readjudication of the claim, such as an SOC or SSOC, is sufficient to cure a timing defect).


The Appellant was afforded the opportunity for a hearing before the undersigned Veterans Law Judge in June 2014. The RO has obtained the Veteran's service treatment records, VA records, and private treatment records. The Appellant has furnished a copy of the Veteran's death certificate. The Appellant has not identified any additionally available evidence for consideration in her appeal. 

The duty to assist also includes providing a medical examination or obtaining a medical opinion when such is necessary to make a decision on the claim, as defined by law. See Green v. Derwinski, 1 Vet. App. 121 (1991). Here, VA opinions were provided in conjunction with the appellant's claim in July 2010 and November 2014. When VA undertakes to obtain a medical opinion, it must ensure that the opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). The Board finds that the medical opinions to the extent relied on are adequate as the opinions are predicated on a review of the Veteran's history and the opinions expressed are by medical experts, who have applied analysis to the significant facts of the case in order to reach the conclusions reached the opinions. See Stefl v. Nicholson, 21 Vet. App. 120, 124-25 (2007) (an examination is adequate when it is based on consideration of the prior medical history and examinations and also describes the disability in sufficient detail so that the Board's evaluation of the disability will be a fully informed one); Nieves-Rodriquez v. Peake, 22 Vet. App. 295, 304 (2008) (The guiding factors to be used by the Board in evaluating the probative value of medical opinion are the opinion is based upon sufficient facts or data, the opinion is the product of reliable principles and methods, and the expert has applied the principles and methods reliably to the facts of the case.). The November 2014 opinion was exceptionally-detailed and provided a complex medical rationale in support of its conclusions. As such, the duty to assist has been satisfied and as discussed further below, an independent medical opinion is not warranted.

In light of above, the Board concludes that the prior remand directives have been substantially completed. Stegall v. West, 11 Vet. App. 268 (1998); D'Aries v. Peake, 22 Vet. App. 97 (2008) (holding that only substantial, and not strict compliance with the terms of a remand request, is required); Dyment v. West, 13 Vet. App. 141, 146-47 (holding that there was no Stegall violation when the examiner made the ultimate determination required by the Board's remand, because such determination more than substantially complied with the Board's remand order).

There is no indication in the record that any additional evidence, relevant to the issue decided, is available and not part of the claims file. See Pelegrini v. Principi, 18 Vet. App. 112 (2004). No further notice or assistance to the appellant is required to fulfill VA's duty to assist in the development of the claim. Smith v. Gober, 14 Vet. App. 227 (2000), aff'd 281 F.3d 1384 (Fed. Cir. 2002); Dela Cruz v. Principi, 15 Vet. App. 143. 

Entitlement to DIC under the provisions of 38 U.S.C.A. § 1151

The appellant contends that she is entitled to compensation under the provisions of 38 U.S.C.A. § 1151 for the cause of the Veteran's death. Specifically, she asserts that the Veteran's health was compromised when he fell out of a wheelchair at the Washington, DC VA medical center (VAMC) which eventually resulted in the Veteran's death. 

The Board has reviewed all the evidence in the claims file. Although the Board has an obligation to provide adequate reasons and bases supporting this decision, there is no requirement that the evidence submitted by the Veteran or obtained on his behalf be discussed in detail. Rather, the Board's analysis will focus specifically on what evidence is needed to substantiate each claim and what the evidence in the claims file shows, or fails to show, with respect to each claim. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) and Timberlake v. Gober, 14 Vet. App. 122, 128-30 (2000). 

Where a veteran suffers an injury or aggravation of an injury as a result of VA medical treatment, and the injury or aggravation results in additional disability or death, then compensation, including disability, death, or dependency and indemnity compensation, shall be awarded in the same manner as if the additional disability or death were service-connected. 38 U.S.C.A. § 1151 (West 2014). As with any claim, when there is an approximate balance of positive and negative evidence regarding any matter material to the claim, the claimant shall be given the benefit of the doubt. 38 U.S.C.A. § 5107 (West 2014).

In order for the disability or death to qualify for compensation under 38 U.S.C.A. § 1151, the disability or death must not have been the result of the veteran's willful misconduct, and must have been caused by VA hospital care, medical or surgical treatment, or examination. Additionally, the VA hospital care, medical or surgical treatment, or examination that proximately caused the disability or death, must have been careless, negligent, lacked proper skill, or involved an error in judgment, or an event that was not reasonably foreseeable. 38 U.S.C.A. § 1151(a) (West 2014). 

In determining whether additional disability exists, the Board will compare a veteran's physical condition immediately prior to the disease or injury upon which the claim for compensation is based with his physical condition subsequent thereto. With regard to medical or surgical treatment, a veteran's physical condition prior to the disease or injury is the condition which the medical or surgical treatment was intended to alleviate. Compensation is not payable if the additional disability or death results from the continuance or natural progress of the disease or injury for which the training, treatment, or hospitalization was authorized. 38 C.F.R. § 3.358(b)(1),(2) (2014).

To establish causation, the evidence must show that the hospital care or medical or surgical treatment resulted in the veteran's additional disability or death. Merely showing that a veteran received care or treatment and that the veteran has an additional disability does not establish cause. 38 C.F.R. § 3.361(c)(1) (2014). Hospital care or medical or surgical treatment cannot cause the continuance or natural progress of a disease or injury for which the care or treatment was furnished unless VA's failure to timely diagnose and properly treat the disease or injury proximately caused the continuance or natural progress. 38 C.F.R. § 3.361(c)(2) (2014).

According to the June 2014 Board hearing transcript, the appellant indicated that the Veteran sought treatment from VA in late December 2007. The appellant also stated that after a VA staff member had helped him into a wheelchair as he approached the entrance to the hospital, the Veteran fell from the wheelchair. She further noted that the Veteran's developed a bed sore and requirement of a Foley catheter as a result of his fall, which resulted in his death.

Before the matters of negligence, informed consent, or foreseeability are discussed in this case, the Board must first determine whether the evidence shows that the Veteran's death was proximately caused by VA treatment. As noted above, in order for the disability or death to qualify for compensation under 38 U.S.C.A. § 1151, the disability or death must not have been the result of the veteran's willful misconduct, and must have been caused by VA hospital care, medical or surgical treatment, or examination. If the Veteran's death was not proximately caused by VA treatment, the appellant's § 1151 claim for DIC benefits must fail.

VA treatment records reflect that on December 23, 2007, the Veteran fell near registration desk when he got out of his wheelchair. He had a history of severe dementia with recent significant progression, poor oral intake because of polypoid mucosa of the left floor of the mouth. Subsequent to the Veteran's fall, VA treatment records reflect that the Veteran hit the back of his head, but there was no loss of consciousness. CT scan showed C1 anterior subluxation with possible compression of spinal cord, however a subsequent MRI showed no evidence of compression. A neurological examination showed that the Veteran was able to move all 4 extremities. The Veteran was later discharged with a soft cervical collar and supplies including a condom catheter and diapers, with a referral for a home health aide. It was noted that the Veteran would need assistance with bathing and precautions needed to be taken to avoid falls. 

Hospital notes show that the chief complaint was poor oral intake on the day the Veteran fell from the wheelchair. Hospital notes reflect that after the December 2007 discharge, the Veteran returned to the hospital on January 19, 2008 with severe dementia presenting after his wife's increased difficulty in care-taking. At that time, the Veteran was noted to have C1-C2 subluxation which was stable and asymptomatic. The Veteran was also noted to have a urinary tract infection and it was determined that the Veteran could no longer be taken care of at home and would require long term care placement. During his January admission, the Veteran had a Foley catheter replaced and was using restraints because he was confused, demented, at a high risk to pull out the Foley catheter and also at high risk for falls. According to the February 2008 discharge report, the Veteran required a chronic Foley catheter for benign prostatic hyperplasia and bladder obstruction. The Veteran was subsequently transferred to a nursing home. Hospital records reflect additional VA and private hospital admissions prior to the Veteran's death in June 2008.

The medical evidence of record shows that the Veteran died in June 2008, about six months after his fall at VA. The weight of the evidence of record is against a finding that his VA treatment received beginning in December 2007, to include a fall, proximately caused the Veteran's death. 

According to a July 2010 VA medical opinion, the VA physician opined that it is less likely than not that the Veteran's death was caused by or a result of injuries sustained in the December 2007 fall at the Washington VAMC. He further stated considering the Veteran's already debilitated condition upon presentation, the findings of his neurological evaluation, and the Veteran's subsequent clinical course, that it did not seem likely that complications from the fall contributed significantly to the Veteran's progressive clinical deterioration and death. The VA physician summarized the findings noting that the Veteran presented to the Washington VAMC with a history of multiple medical problems including severe dementia with recent progression, cardiac arrhythmias, chronic renal insufficiency, bladder obstruction, and an oropharyngeal mass. He noted that the Veteran fell from his wheelchair during registration, hitting his head, which probably resulted in subluxation. However, he reported, as noted in the VA treatment reports, that it was not clear whether the neurological findings after the fall were new or pre-existing. 

In November 2014, an additional opinion was obtained. The VA physician summarized that the Veteran began manifesting dementia in early 2007 and progressed to severe dementia. A polypoid mucosal mass was interfering with oral intake, resulting in weight loss. He noted the December 2007 fall and that the Veteran was discharged with a second soft collar, and supplies including condom catheter and diapers. The Veteran was noted to need assistance with bathing as all precautions needed to be taken to avoid falls. The VA treatment records further note that the Veteran's condition was unchanged by the fall. 

The 2014 VA examiner opined the Veteran's death was not proximately caused by VA treatment received to include a fall beginning in December 2007. He stated that the Veteran did deteriorate within six months of a fall at the DCVA. However, he opined, it was not the result of the fall, but a combination of the rapid progression of his dementia and the interference with oral intake, resulting in weight loss, caused by the polypoid mucosal mass on the left side of the floor of his mouth with urinary tract infections associated with his indwelling catheter, and the development of the renal failure.

The November 2014 VA physician thoroughly reviewed the evidence of record and discussed the Veteran's certificate of death, appellant's contentions, the VA treatment records preceding the Veteran's death including those regarding the December 2007 fall. The VA examiners based their medical opinion on review of the record. The summary provided by the VA examiners of the relevant treatment records is consistent with the record. The VA examiners also provided sound rationale in support of the conclusions. There is no competent medical opinion to the contrary of record. For these reasons, the examiners' opinions are afforded great probative value.

Although the appellant and her representative contend that the fall at VA caused the Veteran's death, the Board affords the opinion provided by the July 2010 and November 2014 VA reviewing physicians more probative value. The VA medical reviewers, unlike the appellant and her representative, have medical training and expertise and is able to render a competent opinion with respect to the medical question of whether the Veteran has additional disability or death caused by VA negligence or fault or an event not reasonably foreseeable. The appellant, as a layperson without relevant medical qualifications, is not competent to render such a medical opinion and, therefore, her opinion is afforded significantly less probative value. 

Acknowledgement is given to the appellant's assertions, and numerous statements, that the Veteran's death was a result of his December 2007 fall. However, the appellant has not demonstrated competence to provide an opinion as to the onset or cause of a complex medical diagnosis, and the record does not support her assertion that the Veteran's fall proximately caused the Veteran's demise. 

The appellant is competent to describe observable symptomatology and the sequences of certain events, but she is not competent to medically associate the Veteran's death with his VA hospital treatment. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007) [noting, in a footnote, that sometimes a layperson will be competent to identify the condition where the condition is simple, for example a broken leg, and sometimes not, for example, a form of cancer]. Such medical associations must be made by persons with medical expertise, and as such, cannot be ascertained through lay observation alone. The appellant has not been shown to possess the requisite medical training or credentials needed to link the Veteran's cause of death with his fall from a wheelchair and subsequent VA treatment. 

In a January 2015 Brief, the Veteran's representative argued that an independent medical opinion was required in order to determine whether the Veteran's VA treatment, to include the fall, proximately caused the death of the Veteran. However, a thorough VA medical opinion is already of record which clearly indicates that the Veteran's VA treatment, to include the December 2007 fall, did not proximately cause the Veteran's death. As such, the Board determined that the appellant is not competent to provide an etiological link in this case, and that an additional medical opinion is not warranted prior to disposition.

Thus, in the absence of death resulting from VA medical care, no VA compensation may be paid. See 38 U.S.C.A. § 1151. For reasons explained above, the Board concludes that the Veteran's death has not been demonstrated as being due to VA medical care. The Board bases its conclusion on a review of the Veteran's entire medical record, to include the July 2010 and November 2014 VA examiners'opinions.

In the absence of death proximately caused by VA medical treatment, the matter of alleged VA negligence is not reached. That is, in the absence of current disabilities or death which are demonstrated to be the result of VA medical care, the question of fault with regard to such medical care is not required to be addressed. Similarly, in the absence of death due to VA medical treatment, the matters of (un)foreseeability, or whether the appellant provided informed consent for this treatment also need not be discussed. See 38 U.S.C.A. § 1151.

For the reasons and bases expressed above, the Board concludes that a preponderance of the evidence is against the appellant's claim for DIC under the provisions of 38 U.S.C.A. § 1151. As the preponderance of the evidence is against this issue, the benefit-of-the-doubt rule does not apply, and the appellant's claim of entitlement to compensation under the provisions of 38 U.S.C.A. § 1151 for the cause of the Veteran's death is denied. 38 U.S.C.A § 5107(b).


ORDER

Dependency and indemnity compensation under the provisions of 38 U.S.C.A. § 1151 for cause of death due to medical treatment by the Department of Veterans Affairs is denied. 



____________________________________________
K. J. ABLIBRANDO
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs